FILED
FEB 28 2022
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHELLY MARIE JONES, | |
| Plaintiff, | CV 21-48-GF-JTJ |
| vs. | |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | MEMORANDUM AND ORDER |
| Defendant. | |

## INTRODUCTION

Plaintiff Shelly Marie Jones (Jones) brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), denying her application for disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Jones resides in Sand Coulee, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3). The parties have consented to have the undersigned

conduct all proceedings in this matter and enter judgment. (Doc. 7).

## BACKGROUND

Jones is 64 years old. (Doc. 10 at 149). Jones has earned a GED. (Doc. 10 at 46). Jones has past work experience as an insurance clerk, bartender, and grocery clerk. (Doc. 10 at 58-60). Jones filed her application for disability and disability insurance benefits on November 30, 2018. (Doc. 10 at 11, 149). Jones alleged that she became disabled on October 26, 2005. (Doc. 10 at 11). Jones alleged that she became disabled due to migraine headaches, neck injury, left shoulder injury, lower back injury, nerve pain, and joint replacement surgery on both knees. (Doc. 10 at 182). Jones was last insured on September 30, 2016. (Doc. 10 at 12, 14).

An Administrative law judge (ALJ) conducted a hearing on Jones's application for social security benefits on June 4, 2020. (Doc. 10 at 11). The ALJ issued his decision on September 8, 2020. (Doc. 10 at 21). The ALJ found that Jones had the following severe impairments: bilateral knee disorder post knee replacement, degenerative disc disease, headaches, and left shoulder disorder. (Doc. 10 at 14). The ALJ determined that Jones was not disabled at any time between October 26, 2005, the alleged onset date, and September 30, 2016, the date Jones was last insured. (Doc. 10 at 21). *Id.* The ALJ determined that Jones

2

was not disabled for two reasons. The ALJ found that Jones possessed the residual functional capacity (RFC) to perform her past relevant work as an insurance clerk. The ALJ also found that Jones possessed the RFC to perform jobs that existed in significant numbers in the national economy such as: preparer, bench hand and final assembler. (Doc. 10 at 19-20).

Jones requested that the Appeals Council review the ALJ's decision. The Appeals Council denied Jones's request for review. (Doc. 10 at 5). The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *Id.*

Jones filed the present appeal on May 3, 2021. (Doc. 1). The matter has been fully briefed. (Docs. 12, 16, 17). The Court is prepared to rule.

## **STANDARD OF REVIEW**

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance."

3

*Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A),(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. *Id.* The five steps of the inquiry are:

    1.    Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

4

> 2. Does the claimant have an impairment that is severe or a combination of impairments that is severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. Do any of the claimant's impairments "meet or equal" one of the impairments described in the Listing of Impairments in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).
>
> 5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof under steps one through four. *Id.* The Commissioner bears the burden of proof under step five. *Id.*

### A. ALJ's determination

The ALJ followed the 5-step evaluation process in evaluating Jones's claim. At step 1, the ALJ determined that Jones had not engaged in substantial gainful activity from 2008 through September 30, 2016. (Doc. 10 at 14).

At step 2, the ALJ determined that Jones had the following severe impairments: bilateral knee disorder post knee replacement, degenerative disc

disease, headaches, and left shoulder disorder. (Doc. 10 at 14).

At step 3, the ALJ found that Jones did not have an impairment, or combination of impairments, that met or was medically equal to one of the listed impairments. (Doc. 10 at 14).

Before considering step 4, the ALJ determined Jones's RFC. The ALJ determined that Jones possessed the RFC to perform sedentary work subject to the following limitations: Jones can be on her feet for 2 hours in an 8-hour day; Jones can sit for 6 hours in an 8-hour day; Jones can lift 10 pounds occasionally and less than 10 pounds frequently; Jones cannot climb ladders or scaffolding; Jones cannot crawl; Jones can perform all other postural activities on an occasional basis; Jones can only reach overhead with her left upper extremity on an occasional basis; Jones can only lift objects over her head that weigh one pound or less; and Jones should avoid concentrated exposure to extreme cold and vibrations. (Doc. 10 at 15).

At step 4, the ALJ determined that Jones was able to perform her past relevant work as an insurance clerk. (Doc. 10 at 19).

At step 5, the ALJ determined that Jones possessed the RFC to perform jobs that existed in significant numbers in the national economy such as: preparer; bench hand and final assembler. (Doc. 10 at 20). Based on these findings, the

ALJ determined that Jones was not disabled at any time from October 26, 2005, through September 30, 2016. (Doc. 10 at 21).

## CONTENTIONS

### A. Jones's Contentions

Jones argues that the Court should reverse the Commissioner's decision and remand the case for further proceedings or an award of benefits. (Doc. 12 at 35). Jones argues that the Commissioner's decision should be reversed for the following reasons:

1. The ALJ's RFC assessment failed to account for the work restrictions that treating physician Dr. Keith Bortnem imposed in 2012;

2. The ALJ's RFC assessment failed to account for the frequency and duration of her medical treatment; and

3. The ALJ presented a hypothetical to the vocational expert that failed to account for the work restrictions that Dr. Bortnem imposed in 2012, and failed to account for the frequency and duration of her medical treatment.

(Doc. 12 at 5).

### B. Commissioner's Contentions

The Commissioner argues that the Court should affirm the ALJ's decision because the ALJ's decision was based on substantial evidence and was free of legal error.

7

## **DISCUSSION**

### A. Work Restrictions Imposed by Dr. Bortnem

Dr. Bortnem performed surgery on Jones's right knee on December 27, 2011 to repair a partially torn lateral meniscus (Doc. 10 at 543). Dr. Bortnem placed Jones on a complete work restriction until February 23, 2012. On that date, Dr. Bortnem told Jones that she could begin working 4 hours per day. (Doc. 10 at 538). Dr. Bortnem lifted the work restriction further on March 22, 2012. Dr. Bortnem told Jones that she could begin working 6 hours per day. (Doc. 10 at 537). Dr. Bortnem removed Jones's work restriction entirely on April 19, 2012. (*See* Doc. 10 at 536, 1335).

Jones argues that the ALJ's RFC assessment was defective because the ALJ failed to consider and discuss the work restrictions that Dr. Bortnem had imposed following her knee surgery on December 27, 2011. (Doc. 12 at 6, 18, 25).

The work restrictions that Dr. Bortnem imposed were temporary restrictions. There is no evidence in the record suggesting that Dr. Bortnem intended the work restrictions to remain in place for at least 12 months. Temporary work restrictions do not satisfy the durational requirement for a finding of disability. See 42 U.S.C. § 423(d)(1)(A) (disability means an "inability to engage in any substantial gainful activity by reason of any medically determinable

8

physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."); 20 C.F.R. § 404.1505(a) (same).

Given that work restrictions imposed by Dr. Bortnem were only temporary, the restrictions do not constitute significant, probative evidence that the ALJ was required to consider in assessing Jones's RFC. *Richard H. v. Saul*, 2020 WL 3035360, *3 (W.D. Wash. June 4, 2020); see also, *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (An ALJ is "not required to discuss evidence that is neither significant nor probative."). The ALJ did not err when he failed to discuss the temporary work restrictions imposed by Dr. Bortnem.

## B. Frequency and Duration of Medical Treatment

Jones argues that the ALJ's RFC assessment was defective because the ALJ failed to consider and discuss the effects of her medical treatment, specifically the frequency and duration of her medical treatment. Jones relies on Social Security Ruling (SSR) 96-8p.[1]

SSR 96-8p requires that the effects of treatment be incorporated into an RFC assessment when a plaintiff has presented evidence showing that her medical treatment may potentially inhibit her ability to work. The effects of treatment

---

[1] Social Security Rulings do not carry the same force and effect as a statute or regulation, but they are binding on the Social Security Administration. 20 C.F.R. § 402.35(b)(1); *Bray v. Commissioner of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).

include: the frequency of treatment, the duration of treatment, and the disruption to routine. SSR 96-8p, 1996 WL 374184, *5 (July 2, 1996). The ALJ's failure to consider the effects of treatment may constitute reversible error. See *Childs v. Kijakazi*, 2022 WL 325913, *8 (D. Mont. Feb. 3, 2022); *Edmunds v. Kijakazi*, 2021 WL 4452762, *6 (D. Mont. Sept. 29, 2021).

Here, Jones argues that she had 29 medical visits in 2008 for an average of 2.42 per month, 27 medical visits in 2012 for an average of 2.7 per month, 64 medical visits in 2015 for an average of 5.3 per month, and 25 medical visits in nine months in 2016 for an average of 2.77 per month. (Doc. 12 at 7, 24, 28, 33; Doc. 17 at 9). The ALJ discussed Jones's various physical impairments (Doc. 10 at 16-19), but the ALJ did not consider whether Jones's medical treatment could potentially interfere with her ability to work. Specifically, the ALJ failed to note, weigh, or otherwise consider the frequency and duration of Jones's medical treatment. The ALJ should have considered whether Jones was able to schedule her medical treatment outside of work hours or otherwise group her medical appointments in a way that would minimize her time away from work. *Bourcier v. Saul*, 856 Fed. Appx. 687, 691 (9th Cir. 2021); *Childs*, 2022 WL 325913 at *8. The ALJ should have also considered whether the frequency of Jones's medical appointments would likely continue or subside over time. *Id.*

10

The prejudice of the ALJ's oversight is demonstrated in the vocational expert's response to the hypothetical questions presented by the ALJ. The vocational expert testified that if an individual "were to miss more than two workdays in a typical work month . . . on at least an occasional basis," that person would not be able to perform any work in the national economy. (Doc. 10 at 69). The amount of time that Jones may need for medical care could potentially exceed this threshold. It was therefore error for the ALJ to not consider and discuss Jones's treatment needs as part of the RFC assessment.

C. **Hypothetical Question Presented to the Vocational Expert**

Hypothetical questions posed to a vocational expert must address all of the claimant's limitations and restrictions. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). "The testimony of a vocational expert is valuable only to the extent that it is supported by medical evidence." *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). If the assumptions in the hypothetical are not supported by the record, the vocational expert's testimony that the claimant could perform other work that exists in the national economy has no evidentiary value. *Embrey*, 849 F.2d at 422.

As discussed above, the ALJ erred when he failed to consider and discuss the effects of Jones's medical treatment. This error may have affected the ALJ's

11

hypothetical question to the vocational expert, and in turn, may have undermined the vocational expert's testimony that Jones could perform other work that existed in the national economy.

## **REMEDY**

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Remand for an award of benefits is appropriate only where there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the ALJ had properly considered all of the evidence in the record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Here, there are outstanding issues to be resolved. It is not clear whether Jones is disabled. Remand for further proceedings is appropriate. On remand, the ALJ should properly consider and discuss Jones's treatment needs.

Accordingly, IT IS HEREBY ORDERED:

1. The Commissioner's decision to deny Jones's claim for disability and disability insurance benefits is REVERSED and REMANDED for further proceedings consistent with the Memorandum and Order.

2. The Clerk is directed to enter judgment accordingly.

DATED this 28th day of February, 2022.

/s/ John Johnston
John Johnston
United States Magistrate Judge

13